UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DE'MIAN A. WILLIAMS,

    Petitioner,

    v.

R. DAVIS, Warden,

    Respondent.

No. C-14-0047 EMC (pr)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

De'mian A. Williams filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Mr. Williams has filed an opposition to the motion in which he requests a stay of the proceedings so that he may exhaust state judicial remedies on a new "claim." For the reasons discussed below, the Court grants the motion to dismiss and dismisses this action. The Court denies Mr. Williams' request for a stay because the "claim" he wants to exhaust is not a claim upon which federal habeas relief may be granted.

## II. BACKGROUND

Mr. Williams pleaded no contest in Napa County Superior Court to transportation/sale of a controlled substance and possession of a controlled substance for sale. On August 19, 2010, the trial court struck one of the prior conviction allegations and sentenced Mr. Williams to 16 years in state prison.

Mr. Williams filed a notice of appeal in the California Court of Appeal on August 26, 2010, and then filed a notice of abandonment of the appeal on October 8, 2010. The California Court of Appeal dismissed the appeal and issued a remittitur on October 13, 2010.

On May 2, 2011, Mr. Williams filed a petition for writ of habeas corpus in Napa County Superior Court ("State petition # 1). The court summarily denied the petition on May 27, 2011.

Also on May 2, 2011, Mr. Williams filed a petition for writ of habeas corpus in the California Court of Appeal ("State petition # 2"). The court denied the petition on June 16, 2011 because Mr. Williams had failed to allege that he had first sought relief in superior court.

On June 19, 2011, Mr. Williams filed another petition for writ of habeas corpus in the California Court of Appeal ("State petition # 3"). The court denied the petition on June 29, 2011.

On February 25, 2013, Mr. Williams filed a petition for writ of habeas corpus in Napa County Superior Court ("State petition # 4"). The court denied the petition on March 8, 2013 on the merits and as untimely, citing *In re Harris*, 5 Cal. 4th 813, 829 n.7 (Cal. 1993).

On March 19, 2013, Mr. Williams filed another petition for writ of habeas corpus in the California Court of Appeal ("State petition # 5"). The court denied the petition on March 28, 2013.

On April 30, 2013, Mr. Williams filed a petition for writ of habeas corpus in the California Supreme Court ("State petition # 6"). The court summarily denied the petition on July 17, 2013.

Mr. Williams then filed his federal petition for writ of habeas corpus. The petition has no proof of service but does have a verification dated December 11, 2013. The petition came to the Court in an envelope postmarked December 20, 2013, was stamped "received" on December 24, 2013, and was stamped "filed" on January 3, 2014. Applying the prison mailbox rule, the Court assumes for present purposes that Mr. Williams gave his petition to prison officials to mail on the date he signed it, and deems the petition to have been filed as of December 11, 2013. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule provides that *pro se* prisoner's filing of a document is deemed to have occurred when he gives it to prison officials to mail to the court).

### III. DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The limitations period in this case began when the judgment became final upon the conclusion of direct review. Under California Rule of Court 8.264(b)(2)(B), the California Court of Appeal's decision is final upon the filing of a "dismissal of an appeal on request or stipulation." Mr. Williams' judgment became final on October 13, 2010, the day the California Court of Appeal dismissed his appeal after he asked to abandon it. *See* Resp. Ex. 2. The one-year limitations period began the next day, and the presumptive deadline for Mr. Williams to file his federal petition therefore was October 13, 2011. He missed that deadline by many months, so unless he qualifies for substantial tolling, the petition is untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An "application for post-conviction review is pending 'in the absence of undue delay,' while a California petitioner 'complete[s] a full round of [state] collateral review.'" *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (quoting *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189, 193 (2006). The application is considered to be pending during the time a petition is actually open on the docket of a court, as well as during the interval between the disposition of the habeas petition in one court and the filing of an appeal or habeas petition at the next state appellate level in the absence of undue delay. *Id.*

Here, Mr. Williams' first application for state collateral review was State petition # 1, filed on May 2, 2011.  By the time that State petition # 1 was filed, 200 untolled days of the one-year limitations period had already passed and he had 165 days remaining to file his federal petition.

Mr. Williams is entitled to tolling from the date State petition # 1 was filed (i.e., May 2, 2011) through the date State petition # 3 was denied (i.e., June 29, 2011).  State petition # 2 was filed on the same date as State petition # 1, and denied later in time than State petition # 1.  Although both State petition # 2 and State petition # 3 were filed in the same level court, Mr. Williams is entitled to tolling for the 3-day gap between them as well as the time State petition # 3 was open on the docket at the California Court of Appeal because he did not unreasonably delay between the two petitions and State petition # 3 cured a pleading deficiency that the California Court of Appeal identified when it denied State petition # 2.  *See Banjo v. Ayers*, 614 F.3d 964, 968-69 (9th Cir. 2010) ("If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making 'proper use of state court procedures,' and habeas review is still pending.")

Mr. Williams' next state court effort to challenge his state conviction was State petition # 4, filed on February 25, 2013.  By the time State petition # 4 was filed, the statute of limitations deadline had already passed.   As noted above, 200 days of the limitations period had passed before Mr. Williams filed State petition # 1 on May 2, 2011, and the clock started ticking again upon the denial of State petition # 3.  Only 165 days remained in the limitations period when the clock started ticking again on June 30, 2011.  The one-year limitations period expired on December 12, 2011, many months before State petition # 4 was filed on February 25, 2013.  State petition # 4 and later state petitions that were filed after the limitations period had already expired had no tolling effect. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  There was no possibility of bridging the gap between State petition # 3 and State petition #4 with statutory tolling because the latter was filed in a lower level court.  *See Delhomme*, 340 F.3d at 819.

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "'[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

Mr. Williams argues in his opposition to the motion to dismiss that he "is entitled to equitable tolling." Docket # 13 at 1. He offers two reasons, neither of which is persuasive. First, Mr. Williams argues that, under California law, an unauthorized sentence is subject to judicial correction whenever it is brought to the court's attention. However, federal habeas relief is not available to remedy state law errors. The existence of the alleged right to have an unauthorized sentence corrected is not relevant to the equitable tolling analysis which focuses on the petitioner's diligence and the existence of some extraordinary circumstance that stood in the way of timely filing of a federal petition. *See Holland*, 560 U.S. at 649. Further, the possibility that relief may be available under California law for an indefinite period does not eliminate the need to comply with the federal statute of limitations deadline for the federal petition. *Cf. Ferguson*, 321 F.3d at 823 (Oregon's two-year limitation period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review).

Second, Mr. Williams argues that he should receive equitable tolling because trial counsel was ineffective in allowing the trial court to impose sentence enhancements that were not permitted under California law pertaining to plea bargains. The alleged existence of a constitutional violation is separate from whether he is entitled to equitable tolling. That is, showing that counsel provided ineffective assistance regarding the sentence does not show that Mr. Williams acted with diligence and that some extraordinary circumstance stood in the way of timely filing of his federal petition for habeas corpus. *See id.* Mr. Williams has not shown that he is entitled to any equitable tolling.

Finally, Mr. Williams' opposition requested that this action be stayed to allow him to file a petition for writ of habeas corpus in the California Supreme Court to "exhaust[] state judicial

remedies with respect to the claim that he is entitled to equitable tolling due to IAC of trial counsel during plea negotiations and sentencing." Docket # 13 at 2-3. That request is DENIED because a stay would be futile. Mr. Williams does not need to exhaust state judicial remedies as to the equitable tolling argument. The exhaustion doctrine requires that a petition fairly present to state court each of his claims for relief before he presents such claims for relief to the federal habeas court. But equitable tolling is not a claim for relief, nor does a petitioner need to make his equitable tolling argument to state court before presenting it in federal court.

Mr. Williams' federal petition for writ of habeas corpus filed on December 11, 2013 was filed two years after the expiration of the habeas statute of limitations period. The petition must be dismissed as untimely.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. (Docket # 8.) This action is dismissed because the petition for writ of habeas corpus was not filed before the expiration of the habeas statute of limitations period. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: February 4, 2015

EDWARD M. CHEN
United States District Judge

6